IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                        CRIMINAL NO. 4:05CR45

DONALD RAY REED

OPINION DENYING MOTION TO SUPPRESS, DENYING MOTION TO QUASH,
DENYING MOTION FOR RELEASE OF BRADY MATERIALS, AND
GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE

On June 27, 2005, the Court heard testimony and oral argument in the above styled case

addressing the Defendant's motion to suppress. Upon due consideration of the testimony presented,

the Court finds that the motion should be denied.

### A.  Factual Summary

The Defendant has been indicted for possessing with intent to distribute in excess of 50

grams of crack cocaine and is scheduled for trial July 5, 2005. In 1992, the Defendant was convicted

of conspiracy to distribute cocaine, aiding and abetting the distribution of cocaine, the use of a

firearm, and the aggravated assault of a federal officer, possession of a firearm by a previously

convicted felon, and possession of a firearm with an obliterated serial number. The Defendant was

sentenced to 168 months and was released in 2004. Within months of his release, the Defendant was

again facing federal charges for drug trafficking.

On January 13, 2005, agents of the North Central Narcotics Task Force arranged for an

unnamed individual ("CI") to purchase cocaine from the Defendant. The CI was provided buy

money and Deputy Gene Luster accompanied her to a convenience store where she placed a phone

call to the Defendant's cell phone. About this same time Agent Anthony Jones was conducting

surveillance and observed the Defendant leave a residence at 100 February Street in Belzoni along with a young black male later identified as Tony Taylor. Agent Jones followed the Defendant and Taylor to a service station where Jones saw the Defendant meet with the CI and conduct a transaction. Agent Jones then followed the Defendant and Taylor back to the residence on February Street. Deputy Luster meet with the CI where she turned over crack cocaine which had been purchased from the Defendant.

On the following day, Agent Jones prepared an affidavit along with the incorporated underlying facts and circumstances and made application for a warrant. Agent Jones appeared before a Humphreys County Justice Court Judge, was placed under oath, and related the details of the drug purchase. Based on the Agent's having observed the Defendant depart and return to 100 February Street before and after the drug buy, and based on the reasonable assumption that the Defendant may have a supply of similar narcotics at the home, the Judge issued a warrant authorizing a search of the residence at 100 February Street and all appurtenances thereto.

On this same day, the agents and deputies executed the warrant. The search resulted in the discovery of marijuana, marijuana growing materials, cocaine, scales, baggies, and cutting agent in a bedroom where the Defendant had his clothes and other personal effects including a bill in his name. Outside, in dog food containers located next to a dog pen, agents found approximately seven ounces of powder cocaine and eight ounces of crack. The agents also recovered $100 of their buy money from the Defendant's front pocket.

While the Defendant denied living at 100 February Street, he asserted that he has standing to challenge the warrant and subsequent search. Seeking to have all the evidence excluded under the fruit of the poisonous tree doctrine, the Defendant attacked the validity of the search on a variety

of grounds including: the warrant does not satisfy the requirements of Miss. Code Ann. § 41-29-157 or Fed. R. Crim. P. 41; the warrant was issued without probable cause; the affidavit was not sworn to; and, the reliability and credibility of the CI were not disclosed. The Government countered offering that the warrant is not defective but in the event the warrant is deemed defective the agents relied upon it in good faith.

### B. Search Conducted Pursuant to a Warrant

The Fourth Amendment protects against illegal searches and seizures. U.S. Const. amend. IV. When holding an evidentiary hearing on a motion to suppress where there was a warrant issued, the burdens of production and persuasion generally rest on the defendant. U.S. v. de la Fuente, 548 F.2d 528, 533 (5th Cir. 1977). Such burden is measured by a preponderance of the evidence. U.S. v. Guerrero-Barajas, 240 F.3d 428, 432 (5th Cir. 2001). The Defendant must make an initial showing of illegality and the government must then present rebuttal evidence. U.S. v. Richardson, 943 F.2d 547, 548-49 (5th Cir. 1991). The ultimate burden of persuasion rests at all times with the defendant. Id. at 549.

The court uses a two step analysis when considering a motion to suppress evidence secured by a warrant. First, the court determines whether the good faith exception to the exclusionary rule applies. U.S. v. Pena-Rodriguez, 110 F.3d 1120, 1130 (5th Cir. 1997). If the good faith exception is applied then the motion should be denied. U.S. v. Cisneros, 112 F.3d 1272, 1278 (5th Cir. 1997). Secondly, if the good faith exception does not apply then the court must determine whether the magistrate had a substantial basis for concluding that probable cause existed. U.S. v. Shugart, 117 F.3d 838, 843 (5th Cir. 1997).

## 1.  The Good Faith Exception

In <u>U.S. v. Leon</u>, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), the court established "that evidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible . . . even though the affidavit on which the warrant was based was insufficient to establish probable cause."  The issuance of a warrant is normally sufficient to establish the officer's good faith to conduct a search.  <u>Shugart</u>, 117 F.3d at 843-44.  However, an officer may not obtain a warrant based on a bare-bones affidavit and take advantage of the good-faith exception.  <u>U.S. v. Barrington</u>, 806 F.2d 529, 532 (5th Cir. 1986).  In other words, a warrant based on "an affidavit so lacking in any indicia of probable cause" renders any reliance on the existence of probable cause unreasonable.  <u>Shugart</u>, 117 F.3d at 844.  In <u>Leon</u> the court explained that an officer may not obtain a warrant with a bare-bones affidavit "and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search."  <u>Barrington</u>, 806 F.2d at 532 (<u>citing</u> <u>Leon</u>, 468 U.S. at 923 n.24).

The Fifth Circuit has identified several indicia of probable cause that prevent an affidavit based on information from an informant from being considered bare-bones such as (1) whether the informant's statements are against his or her own penal interests, <u>U.S. v. McKeever</u>, 5 F.3d 863, 865 (5th Cir. 1993); (2) whether the information has been corroborated by independent investigation or contemporary observations of police, <u>Pena-Rodriguez</u>, 110 F.3d at 1130; (3) the degree of detail of the information provided by the informant, <u>Cisneros</u>, 112 F.3d at 1278-79; and (4) whether the informant's reliability is corroborated by something other than unsupported conclusions of the affiant, <u>Barrington</u>, 806 F.2d at 531.

Here, the Defendant took issue with the reliance on a "confidential informant" to the extent

that the CI's reliability and credibility were not substantiated in the affidavit but only exclaimed with conclusory statements. While it is not at all clear that the CI in this case was actually acting as a confidential informant in the traditional sense as contemplated in U.S. v. Leon, some attention should be given to the issue raised. Hence, using the reliability factors above, the Court examined the affidavit for any indicia of reliability. Although, the CI made no statements against interest, the information provided was corroborated by the contemporaneous observation of at least two officers. Both Agent Jones and Deputy Luster observed a transaction between the Defendant and CI. Immediately after, the CI gave officers an amount of cocaine she purchased from the Defendant and Agent Jones observed the Defendant depart and return to the subject residence before and after the transaction. Arguably, there is no information provided by the CI which was included in the affidavit that was not witnessed or corroborated by the officers. Additionally, the officers were working directly with the CI to arrange a drug buy from the Defendant rather than with an anonymous tipster. Resultantly, the substantive content of the affidavit and supporting factual basis was not bare-bones and did not result in a deficient warrant.[1]

---

[1] In his brief supporting suppression, the Defendant raised two other theories for suppression which were not addressed during the hearing. First he suggested that the warrant was procedurally defective for failing to comply with Miss. Code Ann. § 41-29-157. However, the warrant and supporting documentation clearly shows that Agent Jones was placed under oath. Jones testified to this at the suppression hearing. Accordingly, there is simply no merit to the Defendant's deficient warrant argument. See Powell v. State, 355 So.2d 1378, 1380 (Miss. 1978) (despite failing to sign the affidavit, warrant was not defective where judge swore applicant and heard oral testimony); Meyer v. State, 309 So.2d 161, 166 (Miss. 1975) (search warrant not void because of incomplete date on affidavit).

Second, the Defendant asserted that the warrant failed to comply with Fed. R. Crim. P. 41. The Defendant never explained exactly how the warrant failed to adhere to Rule 41. However, the Defendant does not recognize, as is the case here, that when there is no federal involvement, a warrant obtained by state officers from a state judicial officer is not federal in character and Rule 41 is not implicated. See U.S. v. Logan, 744 F. Supp. 735, 743 (N.D. Miss. 1990); Petti v. State, 666 So.2d 754, 761 (Miss. 1995). Therefore, the Defendant's argument is

2.  Probable Cause

In the event the good-faith exception is not available, the Court must then determine whether there was a substantial basis for the issuing judge's probable cause conclusion.  A search warrant is to be issued by a neutral and detached magistrate when based on probable cause and supported by oath or affirmation.  U.S. v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002).  A magistrate's determination of probable cause should be afforded "great deference."  Illinois v. Gates, 462 U.S. 213, 236, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (adopting the totality of the circumstances test).  Such a determination is consistent with the Fourth Amendment so long as the magistrate makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. at 238; U.S. v. Peden, 891 F.2d 514 (5th Cir. 1989).  A reviewing court is simply to ensure the magistrate "had a substantial basis for . . . [c]oncluding that probable cause existed."  Gates, 462 U.S. at 238-39.

Although not required to go beyond the good faith analysis above, the Court also finds that the affidavit along with the underlying facts and circumstances was sufficiently specific and detailed to substantiate the issuing judge's probable cause determination.  The affidavit and supporting documentation identified the details and results of the controlled drug buy involving the CI.  The affiant also explained how the Defendant was under surveillance both before and after the buy departing and returning to the residence.  Based on this information, it was certainly within the realm of common experience to conclude with a high degree of probability that the Defendant was keeping

misplaced.

drugs at his residence. Therefore, the Court finds that the issuing judge did have a substantial basis to conclude that probable cause existed to search the residence.

### C. Motion to Exclude all Prior Convictions

The Defendant motioned pursuant to Rule 609 to have all his prior convictions excluded. Rule 609 allows the introduction of a previous conviction to attack the credibility of an accused who elects to testify on his own behalf, if the court determines "that the probative value of admitting this evidence outweighs its prejudicial effect." However, "evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement . . . which ever is the later date."

While the Defendant has numerous prior convictions, the Government essentially conceded that a 1985 conspiracy to commit grant larceny conviction, a 1987 conviction for petit larceny, and a 1990 conviction for the sale of marijuana are all too remote for impeachment. Yet, the Government offered that the more recent drug conviction in 1992 for which the Defendant was released in 2004 is not too remote and should be admitted for purposes of impeachment should the Defendant testify.

The Government asserted that the probative value of the 1992 conviction greatly outweighs any prejudicial effect. Specifically, the Government stated that the charges which the Defendant is currently facing and the 1992 offenses are similar in nature and committed in the same house. Considering the similarity in the two criminal events, the 1992 conviction will be admissible under Fed. R. Evid. 609, for impeachment purposes.

### D. Motion for Discovery

The entire substance of the Defendant's motion for discovery is,

> that the Defendant is entitled to under Rule 16 of the Federal Criminal Code and Rules, and which has not already been previously given to the Defendant, including any Grand Jury transcripts provided by said Rule 16. The government has already disclosed, by letter dated April 19, 2005, certain discovery.

Apart from the Grand Jury transcripts the Defendant never identifies what discovery is being sought. Furthermore, contrary to the Defendant's assertion, Rule 16 does not mandate that grand jury transcripts are discoverable. Rather, Rule 16(a)(3) specifically states that the "rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except" in circumstances the Defendant has not invoked. Moreover, Fed. R. Crim. P. 16(a)(2) excludes from "discovery or inspection . . . statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."

The Jencks Act, 18 U.S.C. § 3500, provides that no discovery or inspection of a statement or report made by a government witness may be had until the witness has testified on direct examination at trial. Therefore, at trial and not before, as is standard procedure in this Court, the Defendant, upon motion, shall have access to witness statements as prescribed by the Jencks Act. See U.S. v. Martinez-Mercado, 888 F.2d 1484, 1490 (5th Cir. 1988) (Jencks Act's objective is to guarantee a defendant is furnished with statements of witnesses for impeachment use on cross-examination, but not to make such statements available during discovery).

### E. Conclusion

Though the Court questioned the Defendant's standing to object to the search, given the proof adduced at the hearing which plainly established the existence of probable cause the issue was not

addressed.  Consistent with the forgoing discussion the Court concluded, and so held, that the search warrant was not defective.  However, even if the warrant was defective the executing agents and officers relied on its validity in good faith.  The Court also finds that there was a substantial basis for the issuing judge to determine that there was probable cause to believe drugs and drug related evidence would be found at the Defendant's residence.  Furthermore, the Defendant's motion to quash, which was premised upon the evidence being suppressed, is not well taken and shall be denied.  As for the motion to exclude prior convictions, the Court finds that only the 1992 conviction may be admissible for purposes of impeachment in accordance with Fed. R. Evid. 609.  Finally, the Defendant's motion for discovery of grand jury transcripts should be denied until such time as the issue is appropriately presented pursuant to 18 U.S.C. § 3500.

A separate judgment in accordance with this opinion shall issue this day.

This the 29th day of June 2005

/s/ Glen H. Davidson
Chief Judge