IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                      CASE NO.: 4:05CR045

NASIR ABDUL-ALI

### GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER NASIR ABDUL-ALI, aka Donald Ray Reed, MOTION FOR SENTENCE REDUCTION

Petitioner Nasir Abdul-Ali, aka Donald Ray Reed, has made motion for a sentence reduction pursuant to the First Step Act, which made certain aspects of the Fair Sentencing Act of 2010 retroactive. While application of the Fair Sentencing Act would reduce Abdul-Ali's recommended U.S. Sentencing Guideline sentence range from life imprisonment to 360 months to life imprisonment, when the Court considers Abdul-Ali's criminal conduct and history, it should decline to exercise its discretion and leave Abdul-Ali's life sentence intact. In support of its position, the government would show as follows:

1 – Case History

On March 23, 2005 a Federal grand jury indicted Nasir Abdul-Ali, aka Donald Ray Reed in a 4-count Indictment charging him with distributing or possessing with intent to distribute cocaine base (Count One) and cocaine powder (Count Three). Neither count alleged a particular amount and charged violations of Title 21, United States Code, Section 841(b)(1)(C). A third count charged Abdul-Ali with possessing with intent to distribute marijuana (Count Four) pursuant to Title 21, United States Code, Section 841(b)(1)(D).

A fourth count charged Abdul-Ali with possessing with intent to distribute in excess of 50 grams of a mixture or substance containing cocaine base (Count Two), in accordance with Title 21, United States Code, Section 841(b)(1)(A); which provides for not less than 10 years, nor more than life imprisonment.

Prior to trial the government filed an information pursuant to 21 U.S.C. § 851 seeking to enhance the statutory penalties of 21 U.S.C. § 841(b)(1). The information alleged that Adbul-Ali had previously been convicted of sale of marijuana in Leflore County, Mississippi Circuit Court in 1990 and conspiracy to distribute cocaine base and aiding and abetting distribution of cocaine powder in the United States District Court for the Northern District of Mississippi in 1992. That information invoked a mandatory sentence of life imprisonment.

Under the provisions of 21 U.S.C. § 841(b)(1) at the time of the indictment and information, Abdul-Ali's statutory penalties were as follows:

| Count | Drug | Amount | Section | Minimum | maximum |
|---|---|---|---|---|---|
| 1 | Cocaine base | Not specified | 841(b)(1)(C) | None | 30 years |
| 2 | Cocaine base | More than 50 grams | 841(b)(1)(A) | Life | Life |
| 3 | Cocaine powder | Not specified | 841(b)(1)(C) | None | 30 years |
| 4 | Marijuana | Not specified | 841(b)(1)(D) | None | 10 years |

A Federal petit jury found Abdul-Ali guilty on all counts on July 7, 2005.

After the guilty verdicts, United States Probation Service completed a presentence investigation and compiled its findings into a presentence investigation report ("PSR"). In that report Probation found that Abdul-Ali was responsible for 243 grams of cocaine base, 208.72 grams of cocaine powder, and 26.11 grams of marijuana. PSR, ¶ 20. At time Abdul-Ali was sentenced, a gram of cocaine base was determined to be equivalent to 20 kilograms

of marijuana and a gram of cocaine powder was equivalent to 200 grams of marijuana. USSG § 2D1.1, application note 10, Drug Equivalency Table (Nov. 1, 2004). Using the November 2004 U.S. Sentencing Guideline Manual, Probation held Abdul-Ali accountable for 4,901.77 kilograms of marijuana,[1] using the § 2D1.1 drug equivalency table. USSG § 2D1.1, application note 10, Drug Equivalency Table (Nov. 1, 2004). With that weight of drugs, Abdul-Ali's base offense level under the Drug Quantity Table was 34. PSR, ¶ 25. That became his total offense level prior to consideration of his career offender status.

Because Abdul-Ali had two previous controlled substance offenses, Probation determined he was a career offender under USSG § 4B1.1. With a maximum life sentence, Abdul-Ali's offense level was determined to be 37, using USSG § 4B1.1(b)(A). Under § 4B1.1(b), Abdul-Ali's criminal history category defaulted to VI. PSR, ¶ 54.

With an offense level of 37 and criminal history category of VI, Abdul-Ali's sentencing range was 360 months-life imprisonment, but that was altered under USSG § 5G1.2(c), which recognized the § 841(b)(1)(A) mandatory life imprisonment sentence for a twice-convicted drug dealer who is then convicted again for distributing or possessing with intent to distribute in excess of 50 grams of cocaine base, as it stood in 2005.

The Court sentenced Abdul-Ali to life imprisonment. Judgment, Doc. 59. That sentence consisted of terms of life imprisonment on Count 2, 40 years imprisonment on Counts 1 and 3, and 10 years imprisonment on Count 4. The sentences were ordered to be served concurrently.

---

[1] Amendment 808, effective November 1, 2018, changed the Drug Equivalency Tables to determine "converted drug weight" rather than marijuana equivalency. Amendment 808, Supplement to Appendix C, U.S. Sentencing Guidelines Manual (Nov. 1, 2018).

Abdul-Ali filed an unsuccessful motion for new trial, Doc. 61, an unsuccessful appeal of his conviction and sentence, Doc. 60, an unsuccessful motion for Rule 60(b) relief, Doc. 82, an unsuccessful § 2255 motion to vacate, Doc. 92, and an unsuccessful motion for relief from judgment, Doc. 126. He also attempted, unsuccessfully, to appeal the denials of his motions.

Abdul-Ali has now filed the instant motion for sentence reduction. Doc. 172.

2 – First Step Act of 2018 and Fair Sentencing Act of 2010

The Fair Sentencing Act of 2010 changed the 100:1 ratio of cocaine base to cocaine powder to 28:1. It increased the amount of cocaine base in 21 U.S.C. § 841(b)(1)(A) to invoke a mandatory 10-year sentence from 50 to 280 grams of cocaine base. See, Section 2, Cocaine Sentence Disparity Reduction, Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372.

Originally the Fair Sentencing Act was not applied retroactively, except for a small group of offenders who were indicted before its enactment but sentenced after. *Dorsey v. United States*, 567 U.S. 260, 281 (2012) ("we conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders").

Congress enacted the First Step Act, which the President signed into law on December 21, 2018. Pub. L. 115-391, 132 Stat. 5194. Section 404 of the First Step Act allows retroactive application of the Fair Sentencing Act changes at the court's discretion:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
Section 404(b).

However, whether to reduce a sentence under this provision is discretionary with the court: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c).

3 – Applying First Step and Fair Sentencing Acts to Abdul-Ali

The Indictment, as noted, charged Abdul-Ali in Count 2 with distributing in excess of 50 grams of cocaine base. With the Fair Sentencing Act changes to the cocaine base drug amounts, that changes Abdul-Ali's punishment section from § 841(b)(1)(A) to § 841(b)(1)(B). 21 U.S.C. § 841(b)(1)(B) only has enhancements for defendants with one previous drug conviction, unlike § 841(b)(1)(B), which provides for penalty enhancements for either one or two prior drug trafficking convictions. With that change, taking into account Abdul-Ali's prior drug trafficking convictions, his statutory penalties would now be as follows:

| Count | Drug | Amount | Section | Minimum | maximum |
|---|---|---|---|---|---|
| 1 | Cocaine base | Not specified | 841(b)(1)(C) | None | 30 years |
| 2 | Cocaine base | More than 50 grams[2] | 841(b)(1)(B) | 10 years | Life |
| 3 | Cocaine powder | Not specified | 841(b)(1)(C) | None | 30 years |
| 4 | Marijuana | Not specified | 841(b)(1)(D) | None | 10 years |

---

[2] Now in excess of 28 grams of cocaine base makes § 841)(b)(1)(B) applicable.

If the Fair Sentencing Act changes were applied to Abdul-Ali, he would no longer face a mandatory life sentence under Count 2, but rather an imprisonment term of not less than 10 years, nor more than life.

That would also change Abdul-Ali's U.S. Sentencing Guideline range, removing the mandatory life range. Applying all the amendments that have changed the drug and career offender provisions that might apply to Abdul-Ali and utilizing the 2018 U.S. Sentencing Guidelines Manual, he would have the following adjusted recommended sentence range:

The U.S. Sentencing Guideline sentence range is based on Probation's findings Abdul-Ali was responsible for 243 grams of cocaine base, 208.72 grams of cocaine powder, and 26.11 grams of marijuana. PSR, ¶ 20. Using the 2018 Drug conversion tables, a gram of cocaine base is equivalent to 3,571 grams of drugs and a gram of cocaine powder is equivalent to 200 grams of marijuana. USSG § 2D1.1, application note 8, Drug Equivalency Table (Nov. 1, 2018). Abdul-Ali would now be accountable for 909.499 kilograms of converted drug weight,[3] using the § 2D1.1 drug conversion tables. USSG § 2D1.1, application note 10, Drug Conversion Tables (Nov. 1, 2018).

That drug weight results in a lower offense level of 28 (down from 34 as previously calculated). USSG §§ 2D1.1(a)(5) and (c)(6). Notwithstanding this lower offense level, Abdul-Ali remains a career offender under the provisions of USSG § 4B1.1, because Abdul-Ali had two previous controlled substance offenses. Probation would now determine he remains a career offender under USSG § 4B1.1. With a maximum life sentence, Abdul-Ali's

---

[3] Again, Amendment 808, effective November 1, 2018, renamed the Drug Equivalency Table Drug Conversion Tables and also changed calculations from marijuana equivalency to "converted drug weight." Amendment 808, Supplement to Appendix C, U.S. Sentencing Guidelines Manual (Nov. 1, 2018).

offense level would remain 37, using USSG § 4B1.1(b)(A). Under § 4B1.1(b), Abdul-Ali's criminal history category would still default to VI. PSR, ¶ 54.

With an offense level of 37 and criminal history category of VI, Abdul-Ali's sentencing range would now be 360 months-life imprisonment rather than life imprisonment. This is because he would no longer face a mandatory statutory term of life under § 841(b)(1)(A), therefore, USSG § 5G1.2(c) would no longer apply.

As a result of application of the Fair Sentencing Act changes and retroactive U.S. Sentencing Guideline drug amendments, Abdul-Ali's sentencing range would now be 360 months to life imprisonment.

4 – Discretion to Reduce or Refuse to Reduce Sentence

As discussed above, retroactive application of the Fair Sentencing Act to Nasir Abdul-Ali's sentence does reduce the U.S. Sentencing Guidelines' recommended sentence range to 360 months to life imprisonment. Additionally, Abdul-Ali no longer faces a statutory mandatory sentence of life imprisonment. Therefore, the Court could, if it decided to exercise its discretion, reduce Abdul-Ali's sentence.

However, the statutory maximum sentence for Count 2 remains life imprisonment and the First Step Act does not require that a court retroactively apply the Fair Sentencing provisions. The First Step Act allows retroactive application of the Fair Sentencing Act changes at the court's discretion:

> A court that imposed a sentence for a covered offense **may**, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
Section 404(b) (emphasis added).

Whether to reduce a sentence under this provision is discretionary with the court:

"**Nothing in this section shall be construed to require** a court to reduce any sentence pursuant to this section." Section 404(c) (emphasis added).

The reasons to refuse to reduce Abdul-Ali's sentence are plainly set forth in the original PSR. Abdul-Ali distributed a large amount of cocaine base and cocaine powder. PSR, ¶ 20. He committed the offenses within 7 months of being released from incarceration for distributing cocaine base, assault of Federal officer, use of a firearm during a drug trafficking offense, possession of a firearm by a convicted felon, and possession of a firearm with an obliterated serial number. PSR, ¶ 45.

The facts of Abdul-Ali's prior Federal conviction are particularly grievous, as described the PSR:

> On January 30, 1992, Agent [Elbert] Craig and [Confidential Informant Kenneth Ray] Pepper returned to the defendant's residence attempting to purchase crack cocaine. Pepper entered the defendant's residence thereupon the defendant accused Pepper of being a policeman. Hooker advised Pepper that he would have to search him before he could sell him anything. Pepper refused to be searched and returned to Agent Craig's vehicle and departed the area. After removing the body transmitter equipment, Agent Craig and Pepper returned to the defendant's residence. Upon entering the residence, Pepper was held at gunpoint by the defendant and accused of being a policeman. The defendant instructed Dalton Handy to ask Agent Craig to come inside the residence. Agent Craig accompanied Mr. Handy into the defendant's residence as Handy closed and locked the door behind them. Additionally, Handy blocked access to the door. The defendant accused Agent Craig of being a policeman. The defendant pulled a Quality Firearms, Inc., .380 caliber revolver from the back of his waist and put the pistol, with the hammer pulled back and his finger on the trigger, to Agent Craig's head. Defendant threatened to kill Agent Craig if he discovered that he was a policeman.
>
> While holding the pistol to Agent Craig's head, the defendant ordered Agent Craig to go into a small bathroom where Pepper was being held. Agent Craig was instructed by the defendant to kneel, at which time the defendant kicked Agent Craig in the

stomach and rib area. The defendant instructed Hooker to perform a search of Agent Craig's vehicle wherein Hooker returned to the residence with the walkie-talkie, tape recorder and a .9 mm service weapon found in Agent Craig's official state vehicle. Hooker pulled the hammer back on Agent Craig's service pistol, held it to Agent Craig's head, and ordered Agent Craig to stand. The defendant and Hooker repeatedly threatened to kill Agent Craig.
PSR, ¶¶ 47-48.

Other agents surveilling the buy entered the residence and rescued Agent Craig. Only their brave action rescuing Agent Craig kept Abdul from murdering him. PSR, ¶ 49.

That earlier Federal offense was committed barely a year after Abdul-Ali was released from Mississippi Department of Corrections custody after convictions for 4 sales of marijuana in 1990. Abdul-Ali also has a conviction for conspiracy to commit grand larceny for which he received a 3 year term of probation; however, his probation was modified and eventually revoked. PSR, ¶ 39.

Of the nearly 34 years Abdul-Ali has been an adult, he has been incarcerated 27 and ½ years for continued criminal activity.

Abdul-Ali deservedly received a severe sentence which accurately reflected his dangerousness, his disregard for the law, his recidivism, the need to protect the public from other crimes he will likely commit, to deter him from further criminal acts, and to reflect the seriousness of the offenses he committed and promote respect for the law.

Abdul-Ali earned his life sentence under the statutory framework when he committed the instant crimes. When the Court examines the recommended U.S. Sentencing Guideline range of 360 months to life imprisonment, along with the other sentencing factors set forth in 18 U.S.C. § 3553(a), the Court should reach the same decision it reached when it originally sentenced Abdul-Ali in October 2005: that life imprisonment is appropriate. The

life sentence he is currently serving correctly reflects § 3553(a) sentencing concerns and the court should not exercise its discretion to alter or change it.

## Conclusion

Petitioner Nasir Abdul-Ali's Motion for Reduction of Sentence should be denied.

                                           Respectfully submitted,

                                           WILLIAM C. LAMAR
                                           United States Attorney
                                           MS Bar No. 8479

                       By:   */s/ Paul D. Roberts*
                             PAUL D. ROBERTS
                             Assistant United States Attorney
                             Mississippi Bar No. 5592
                             900 Jefferson Avenue
                             Oxford, MS  38655
                             paul.roberts@usdoj.gov
                             662-234-3351

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER NASIR ABDUL-ALI, aka Donald Ray Reed, MOTION FOR SENTENCE REDUCTION** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

Gregory S. Park
greg_park@fd.org

I further certify that I have mailed, via the U.S. Mails, a true copy of this foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER NASIR ABDUL-ALI, aka Donald Ray Reed, MOTION FOR SENTENCE REDUCTION** the following non-ECF party:

Nasir Abdul-Ali
Reg. No. 09596-042
FCC-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS  39194

This the 22nd day of February, 2019.

                                                  */s/ Paul D. Roberts*
                                                  PAUL D. ROBERTS
                                                  Assistant United States Attorney