IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CASE NO.: 4:05CR045

NASIR ABDUL-ALI

**GOVERNMENT'S MOTION TO TRANSFER NASIR ABDUL-ALI'S, a/k/a ABDUL NASIR-ALI, a/k/a DONALD REED, RULE 60 MOTION FOR RELIEF TO THE FIFTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A-E)**

Nasir Abdul-Ali, a/k/a Abdul Nasir-Ali, a/k/a Donald Ray Reed, has filed a Motion to Vacate under 28 U.S.C. § 2255, styling it a Motion for Relief for Judgment under Rule 60(b), Federal Rules of Civil Procedure. His motion argues that fraud was perpetrated on the Court during his trial. This same issue was raised in Abdul-Ali's original 28 U.S.C. § 2255 motion to vacate, Doc. 92, which the Court overruled after an evidentiary hearing, Doc. 111, a Motion for New Trial, Doc. 133, which the Court denied, Doc, 134, a second Motion for New Trial, Doc. 143, which the Court denied, Doc. 146, and a Motion for Relief from Judgment, Doc. 164, which the Court denied, Doc. 169. The government hereby moves the Court to transfer the motion to the Fifth Circuit Court of Appeals for its determination under 28 U.S.C. §§ 2255 and 2244 if Nasir Abdul-Ali should be allowed to pursue this motion, which is actually a successive § 2255 motion to vacate.

28 U.S.C. §§ 2255 and 2244 require that if the District Court determines that Abdul-Ali's current motion is functionally a § 2255 motion to vacate, the District Court has no jurisdiction and must transmit it to the Court of Appeal for the Fifth Circuit for its

determination, under § 2244(b)(3), of whether Adbul-Ali may file a successive § 2255 motion to vacate.

A Rule 60(b) motion for relief from judgment on a § 2255 motion is construed as a successive § 2255 motion if it attacks the district court's prior resolution of a claim on the merits, but not if it attacks a "defect in the integrity" of the § 2255 proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). To attack a "defect in the integrity" of the § 2255 proceedings, the Rule 60(b) motion must allege fraud on the court or procedural error that prevented the court from reaching the merits of the § 2255 motion. *See id*. at 542–43 nn.4–5, (differentiating a challenge to the substance of a § 2255 ruling from allegations of fraud on the court or procedural rulings such as failure to exhaust, procedural default, or statute of limitations that prevent resolution on the merits); See also, *Saint Surin v. United States*, 2020 WL 3046501, * 1 (11th Cir., Jun. 8, 2020).

Abdul-Ali attacked the credibility of a law enforcement officer who obtained the search warrant at issue in the case in his first 28 U.S.C. § 2255 Motion to Vacate. Doc. 92, pp. 3, 17, 20, 25-27. He raised the same issue in his Motion for New Trial. Doc. 133, pp. 4, 13, 17, 19, 24-25, 28. He raised the same issue in his second Motion for New Trial. Doc. 143, pp. 6, 8-10, 15-16. Finally, he raises the same issue of the credibility of the same law enforcement agent in this Motion for Relief. Doc. 181, pp. 5-7, 13-16, 17.

The Court addressed the credibility of the law enforcement agent in its denial of Abdul-Ali's first § 2255 Motion to Vacate: "Ground One is essentially a *Brady* claim based on the discovery of an affidavit which potentially impeaches the testimony of [the agent]." Memorandum Opinion denying relief, Doc. 111, p. 4. The Court found that the affidavit did not impeach the agent: "The Golden affidavit does not impeach [the agent's] testimony."

Doc. 111, p. 5. And, "[t]he Golden warrant is not exculpatory and its impeaching value, if any, is extremely slight, particularly in light [of] corroborating testimony and the narrow time frame. If the Golden warrant had been made available to the defense at trial, it would have done nothing more than serve the redundant purpose of showing that [the agent's] approximations of time were "approximate.'" Doc. 111, p. 8. The Court found that this was not a valid ground for relief. Id.

Abdul-Ali asserts that the government "committed fraud" on the Court by withholding the Golden warrant in his Rule 60(b) Motion. Doc. 181, p. 18. This is the same complaint he has made in every § 2255, Rule 60(b), or new trial motion he has made for the past 12 years. He does not allege a "defect in the integrity" of the § 2255 proceedings; rather reasserts the same argument made before. Accordingly, his Rule 60(b) Motion for Relief is a successive § 2255 Motion to Vacate and the procedures in 28 U.S.C. § 2244(b)(3)(A-E) apply.

## SUCCESSIVE PETITIONS

A prisoner may not file a "second or successive" application for post-conviction relief in federal district court unless the prisoner first obtains certification from a Fifth Circuit panel that his motion satisfies one of two enumerated grounds under 28 U.S.C. § 2255(h):

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2244(b)(3)(A-E) provides:
>
> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

See also Rule 9 of Rules Governing Section 2255 Proceedings (before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion).

The question for the Court is whether the "Rule 60(b) motion [is] actually an impermissible successive habeas petition in disguise?" The Fifth Circuit answered: "yes, *if* his Rule 60(b) motion contains one or more previously presented habeas claims." *Will v. Lumpkin*, ___ F.3d ___, ___, 2020 WL ___, * ___, 5th Cir. Dckt. No. 18-70030, Doc. 00515529272, p. 5 and n. 16 (5th Cir., Aug. 17, 2020) (emphasis in original) (citing *Gonzalez v. Crosby*, 545 U.S. at 530: "§ 2254's successive petition bar only applies to a petitioner's Rule 60(b) motion if it is an 'application for habeas relief'; a motion applies for habeas relief if it 'contains one or more 'claims''.).")

## CONCLUSION

The Court should find that Abdul-Ali's current motion, styled as a Rule 60(b) motion, is a successive motion to vacate under 28 U.S.C. § 2255 and transfer the case to the Fifth Circuit Court of Appeals for its determination of whether to grant or deny Abdul-Ali authorization to file this successive appeal, pursuant to 28 U.S.C. § 2244(b)(3)(A-E).

This the 17th day of August, 2020.

Respectfully submitted,

WILLIAM C. LAMAR
United States Attorney
MS Bar No. 8479

By: /s/*Paul D. Roberts*
PAUL D. ROBERTS
Assistant United States Attorney
Mississippi Bar No. 5592
900 Jefferson Avenue, Oxford, MS 38655
paul.roberts@usdoj.gov
662-234-3351

## CERTIFICATE OF SERVICE

I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S MOTION TO TRANSFER NASIR ABDUL-ALI'S, a/k/a ABDUL NASIR-ALI, a/k/a DONALD REED, RULE 60 MOTION FOR RELIEF TO THE FIFTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A-E)** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

None

I further certify that I have this day sent a true copy, via U.S. Mail, of the foregoing **MOTION TO TRANSFER NASIR ABDUL-ALI'S, a/k/a ABDUL NASIR-ALI, a/k/a DONALD REED, RULE 60 MOTION FOR RELIEF TO THE FIFTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A-E)** to the following pro se litigant"

> Nasir Abdul-Ali, a/k/a/, Abdul Nasir-Ali, a/k/a, Abdul Nasir-Ali, a/k/a, Donald Ray Reed, defendant/petitioner
> Reg. No. 09056-042
> F.C.I. Yazoo City Medium
> P.O. Box 5000
> Yazoo City, MS 39194

This the 17th day of August, 2020.

/s/Paul D. Roberts
PAUL D. ROBERTS
Assistant United States Attorney