IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NASIR ABDUL-ALI**     **MOVANT**

v.     No. 4:05CR45-GHD-DAS

**UNITED STATES OF AMERICA**     **RESPONDENT**

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the *pro se* petitioner's re-submission of his request [181] for *habeas corpus* relief under 28 U.S.C. § 2255.[1] The government has moved [182] for the court to construe Mr. Abdul-Ali's motion as a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 – and to transfer the motion to the Fifth Circuit Court of Appeals. For the reasons set forth below, the court will grant the government's motion [182] and transfer Mr. Abdul-Ali's motion [181] to the Fifth Circuit.

**Procedural Posture**

Nasir Abdul-Ali, a/k/a Abdul Nasir-Ali, a/k/a Donald Ray Reed, has filed a Motion to Vacate under 28 U.S.C. § 2255, styling it a Motion for Relief for Judgment under Rule 60(b), Federal Rules of Civil Procedure. He argues that fraud was perpetrated on the court during his trial. He raised this same issue in his original 28 U.S.C. § 2255 motion to vacate, Doc. 92, which the court denied after an evidentiary hearing, Doc. 111; a Motion for New Trial, Doc. 133,

---

[1] As discussed below, though Mr. Abdul-Ali has characterized his motion as one seeking relief from judgment under Fed. R. Civ. P. 60(b), it is properly construed as a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

which the court denied, Doc, 134; a second Motion for New Trial, Doc. 143, which the court denied, Doc. 146; and a Motion for Relief from Judgment, Doc. 164, which the court denied, Doc. 169.

The government argues that the motion should be construed as a successive § 2255 motion to vacate, set aside, or correct sentence. The government thus requests that the court transfer the motion to the Fifth Circuit Court of Appeals for its determination under 28 U.S.C. §§ 2255 and 2244 whether Mr. Abdul-Ali should be allowed to pursue it. 28 U.S.C. §§ 2255 and 2244 require the district court to determine whether Abdul-Ali's current motion under Fed. R. Civ. P. 60(b) is functionally a § 2255 motion to vacate. If it is, then the court has no jurisdiction over the matter and must transfer the motion to the Fifth Circuit for its determination, under § 2244(b)(3), whether Abdul-Ali may file a successive § 2255 motion.

The district court must construe a Rule 60(b) motion for relief from judgment on a § 2255 motion a successive § 2255 motion if it attacks the district court's prior resolution of a claim on the merits, but not if it attacks a "defect in the integrity" of the § 2255 proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). To attack a "defect in the integrity" of the § 2255 proceedings, the Rule 60(b) motion must allege fraud on the court or procedural error that prevented the court from reaching the merits of the § 2255 motion. *See id.* at 542–43 nn.4–5, (differentiating a challenge to the substance of a § 2255 ruling from allegations of fraud on the court or procedural rulings that prevent resolution on the merits); *see also, Saint Surin v. United States*, 2020 WL 3046501, * 1 (11th Cir., Jun. 8, 2020).

In his original 28 U.S.C. § 2255 Motion to Vacate, Mr. Abdul-Ali attacked the credibility of a law enforcement officer who obtained the search warrant at issue in the case. Doc. 92, pp.

3, 17, 20, 25-27. He raised the same issue in his Motion for New Trial, Doc. 133, pp. 4, 13, 17, 19, 24-25, 28 – as well as his second Motion for New Trial. Doc. 143, pp. 6, 8-10, 15-16. He now raises the same issue of the credibility of the same law enforcement agent in his present Motion for Relief. Doc. 181, pp. 5-7, 13-16, 17.

The court already addressed the credibility of the law enforcement agent in its denial of Abdul-Ali's first § 2255 Motion to Vacate, holding: "Ground One is essentially a *Brady* claim based on the discovery of an affidavit which potentially impeaches the testimony of [the agent]." Memorandum Opinion denying relief, Doc. 111, p. 4. However, the court found that the affidavit did not impeach the agent: "The Golden affidavit does not impeach [the agent's] testimony." Doc. 111, p. 5. In addition, "[t]he Golden warrant is not exculpatory and its impeaching value, if any, is extremely slight, particularly in light [of] corroborating testimony and the narrow time frame. If the Golden warrant had been made available to the defense at trial, it would have done nothing more than serve the redundant purpose of showing that [the agent's] approximations of time were 'approximate.'" Doc. 111, p. 8. The court found that this was not a valid ground for relief. *Id*.

Abdul-Ali again argues in the present motion that the government "committed fraud" on the court by withholding the Golden warrant. Doc. 181, p. 18. This is the same argument he has made in every § 2255, Rule 60(b), or new trial motion he has made for the past 12 years. He does not allege a "defect in the integrity" of the § 2255 proceedings; rather he re-urges an argument he has made many times, including within his original § 2255 motion. As such, as discussed in detail below, his Rule 60(b) Motion for Relief is a successive § 2255 Motion to Vacate, and the procedures in 28 U.S.C. § 2244(b)(3)(A-E) apply.

- 3 -

## Discussion

This is at least the second motion under § 2255 the Movant has filed. To overcome the prohibition against the filing of a second or successive petition under § 2255(h), the petitioner must show that his motion contains:

1. newly discovered evidence that, if proven and viewed in the light of evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or

2. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. §§ 2244(b)(1) - (2) and 2255(h). That decision must be made by the court of appeals. *See* §§ 2244(b)(3) and 2255. Until such time that the Movant obtains authorization to proceed from the Fifth Circuit, this court is without jurisdiction to proceed.

As set forth above, this court does not have original subject matter jurisdiction over a successive motion under 28 U.S.C. § 2255; instead, the Fifth Circuit Court of Appeals must review the motion under 28 U.S.C. § 2244 (a) and (b)(3)(C) to determine whether Mr. Abdul-Ali may proceed with this successive § 2255 motion. However, rather than dismissing the motion on this basis, the Fifth Circuit permits district courts to transfer the motion to the Fifth Circuit for consideration under 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That the government's motion [182] to treat Mr. Abdul-Ali's motion [181] as a successive § 2255 motion and transfer it to the Fifth Circuit Court of Appeals is **GRANTED**;

2) That Mr. Abdul-Ali's motion [181] under 28 U.S.C. § 2255 will be transferred to the Fifth Circuit Court of Appeals for the movant to seek permission to file this successive § 2255 motion;

3) That the Clerk of Court is directed to **TRANSFER** this motion and the entire record to the Fifth Circuit Court of Appeals in accordance with §§ 2244(b)(3), § 2255 and *In re Epps*, 127 F.3d at 365; and

4) This case is **CLOSED.**

**SO ORDERED**, this, the 6th day of January, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE